UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SARA-JUDITH YARBROUGH, Beneficiary,

                    Plaintiff,

v.                                                              3:23-CV-0671
                                                                (AMN/ML)
BROOME CNTY., NEW YORK, Municipal
Corp.; *et al.*,

                    Defendants.

_____

APPEARANCES:                                    OF COUNSEL:

SARA-JUDITH YARBROUGH
  *Pro Se* Plaintiff
52 Alexander Road
Chenango Forks, New York 13746

MIROSLAV LOVRIC, United States Magistrate Judge

## <u>REPORT and RECOMMENDATION</u>

### I.    BACKGROUND

      Plaintiff Sara-Judith Yarbrough ("Plaintiff"), who is proceeding *pro se*, has commenced this action against Broome County, New York; Town of Barker, New York; Jason T. Garner; Michael T. Decker; Robert G. Behnke; Joseph A. Mihalko; Joseph F. Cawley; Edward Beecher; Frederick J. Akshar; Daniel J. Reynolds; Mark R. Whalen; Stephen J. Flagg; Scott D. Baker; Kelly F. Wildoner; Kim A. Myers; Greg W. Bladwin; Matthew J. Pasquale; Jason E. Shaw; Louis P. Augostini; Robert Weslar; Mary A. Kaminsky; Mel Manasse & Son; Robert Voorhis; Judy Osborn; Matthew J. Hilerbrant; Erin V. Micha; and Susan Ryan (collectively "Defendants"). (Dkt. No. 1.) Despite ample notice, Plaintiff failed to (1) file affidavits reflecting successful service on Defendants, (2) appear at the Rule 16 conference scheduled on

September 19, 2023, (3) appear at the rescheduled Rule 16 conference on January 23, 2024, (4) appear at a rescheduled Rule 16 conference on February 22, 2024, (5) appear at the rescheduled Rule 16 conference on March 25, 2024, or (6) respond to numerous court orders directing her to file a detailed status report. (Dkt. Nos. 10, 11, 12, 13, 14, 15, 16, 17, 18; Minute Entries dated 9/19/2023, 1/23/2024, 2/22/2024, 3/25/2024; *see generally* docket sheet.) For the reasons set forth below, I recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed.

## II.    INTRODUCTION

Plaintiff commenced this civil rights action *pro se* on June 6, 2023, asserting claims against Defendants by the filing of a Complaint that included a request for a temporary restraining order and preliminary injunction. (Dkt. No. 1.) Plaintiff paid the filing fee and on June 6, 2023, and the Court issued a General Order 25, which scheduled an initial conference for September 19, 2023. (Dkt. No. 2.)

On June 7, 2023, United States District Judge Anne M. Nardacci denied without prejudice to refiling, Plaintiff's request for a temporary restraining order and preliminary injunction. (Dkt. No. 5.) Judge Nardacci noted that Plaintiff failed to comply with N.D.N.Y. L.R. 7.1. (*Id.*)

On June 7, 2023, Plaintiff filed a letter that essentially alerted the Court about her request for a temporary restraining order and injunction. (Dkt. No. 6.) On June 8, 2023, Plaintiff filed a motion for a temporary restraining order without notice. (Dkt. Nos. 7, 8.) On June 9, 2023, Judge Nardacci denied without prejudice Plaintiff's motion noting that it still did not comply with the local rules as set forth in the Court's order date June 7, 2023, and failed to show a likelihood of success on the merits of her claim. (Dkt. No. 9.)

On September 19, 2023, the undersigned held an initial conference pursuant to Rule 16. (Minute Entry dated 9/19/2023.)  However, Plaintiff failed to appear for the Rule 16 conference and the undersigned noted that (1) no defendant has appeared in the matter, and (2) the docket does not reflect the filing of any affidavits of service or waivers of service.  (*Id*.)  On September 19, 2023, Plaintiff was directed to, among other things, file on or before October 20, 2023, (1) a detailed status report that (a) explained her failure to appear at the Rule 16 conference, and (b) outlined the status of service on Defendants, and (2) affidavits of service of process as to each Defendant.  (Dkt. No. 10.)  Plaintiff was cautioned that failure to properly serve Defendants according to Fed. R. Civ. P. 4, "may result in dismissal of the action for failure to prosecute." (*Id*.)  The Court rescheduled the Rule 16 conference for January 23, 2024.  (*Id*.)

On October 23, 2023, the undersigned noted that Plaintiff failed to timely comply with the Court's Text Order dated September 19, 2023.  (Dkt. No. 11.)  Plaintiff was directed to comply with the directives set forth in Dkt. No. 10 on or before November 20, 2023.  (*Id*.) Plaintiff was again cautioned that failure to properly serve Defendants according to Fed. R. Civ. P. 4, "may result in dismissal of the action for failure to prosecute."  (*Id*.)

On November 27, 2023, the undersigned noted that Plaintiff failed to timely comply with the Court's Text Order dated October 23, 2023.  (Dkt. No. 12.)  Plaintiff was directed to comply with the directives set forth in Dkt. No. 10 on or before December 11, 2023.  (*Id*.)  Plaintiff was again cautioned that failure to properly serve Defendants according to Fed. R. Civ. P. 4, "may result in dismissal of the action for failure to prosecute" and "failure to comply with Court orders may result in dismissal of the case."  (*Id*.)

On December 18, 2023, the undersigned noted that Plaintiff (1) failed to comply with the Court's Text Orders at Dkt. Nos. 10, 11, 12, (2) failed to appear for an in person conference

scheduled on September 19, 2023, (3) failed to serve Defendants, and (4) failed to file affidavits of service on the docket.  (Dkt. No. 13.)  Plaintiff was "**ADVISED AND CAUTIONED THAT FAILURE TO SERVE . . . DEFENDANTS [in accordance with] FED. R. CIV. P. 4, MAY RESULT IN DISMISSAL OF THE ACTION FOR FAILURE TO PROSECUTE. PLAINTIFF IS ALSO ADVISED AND CAUTIONED THAT FAILURE TO COMPLY WITH COURT ORDERS MAY RESULT IN DISMISSAL OF THE CASE.**"  (Dkt. No. 13.)

On January 23, 2024, an initial conference pursuant to Rule 16 was held and Plaintiff failed to appear.  (Minute Entry dated 1/23/2024.)  The undersigned noted that no affidavits of service or waiver of service have been filed by Plaintiff, the deadline for Plaintiff to file affidavits of service have expired, no Defendant has appeared in the case, and Plaintiff failed to comply with the Court's Text Orders at Dkt. Nos. 10, 11, 12, 13.  (*Id*.)

On January 23, 2024, Plaintiff was directed to immediately comply with the Court's prior Text Orders at Dkt. Nos. 10, 11, 12, and 13.  (Dkt. No. 14.)  Plaintiff was again "**ADVISED AND CAUTIONED THAT FAILURE TO SERVE . . . DEFENDANTS [in accordance with] FED. R. CIV. P. 4, MAY RESULT IN DISMISSAL OF THE ACTION FOR FAILURE TO PROSECUTE.  PLAINTIFF IS ALSO ADVISED AND CAUTIONED THAT FAILURE TO COMPLY WITH COURT ORDERS MAY RESULT IN DISMISSAL OF THE CASE.**"  (*Id*.)  The Rule 16 conference was rescheduled for February 22, 2024.  (*Id*.)

On February 22, 2024, an initial conference pursuant to Rule 16 was held and Plaintiff failed to appear.  (Minute Entry dated 2/22/2024.)  The undersigned noted that no affidavits of service or waiver of service have been filed by Plaintiff, the deadline for Plaintiff to file

affidavits of service have expired, no Defendant has appeared in the case, and Plaintiff failed to comply with the Court's Text Orders at Dkt. Nos. 10, 11, 12, 13 and 14. (*Id*.)

On February 22, 2024, Plaintiff was directed to immediately comply with the Court's prior Text Orders at Dkt. Nos. 10, 11, 12, 13, and 14. (Dkt. No. 15.) Plaintiff was again "**ADVISED AND CAUTIONED THAT FAILURE TO SERVE . . . DEFENDANTS [in accordance with] FED. R. CIV. P. 4, MAY RESULT IN DISMISSAL OF THE ACTION FOR FAILURE TO PROSECUTE.  PLAINTIFF IS ALSO ADVISED AND CAUTIONED THAT FAILURE TO COMPLY WITH COURT ORDERS MAY RESULT IN DISMISSAL OF THE CASE.**" (*Id*.) The Rule 16 conference was rescheduled for March 25, 2024. (*Id*.)

On March 25, 2024, an initial conference pursuant to Rule 16 was held and Plaintiff failed to appear. (Minute Entry dated 3/25/2024.) The undersigned noted that no affidavits of service or waiver of service have been filed by Plaintiff, the deadline for Plaintiff to file affidavits of service have expired, no Defendant has appeared in the case, and Plaintiff failed to comply with the Court's Text Orders at Dkt. Nos. 10, 11, 12, 13, 14, and 15. (*Id*.)

On March 25, 2024, Plaintiff was directed to comply with the Court's prior Text Orders at Dkt. Nos. 10, 11, 12, 13, 14, and 15, on or before April 15, 2024. (Dkt. No. 16.) Plaintiff was again "**ADVISED AND CAUTIONED THAT FAILURE TO SERVE . . . DEFENDANTS [in accordance with] FED. R. CIV. P. 4, MAY RESULT IN DISMISSAL OF THE ACTION FOR FAILURE TO PROSECUTE.  PLAINTIFF IS ALSO ADVISED AND CAUTIONED THAT FAILURE TO COMPLY WITH COURT ORDERS MAY RESULT IN DISMISSAL OF THE CASE.**" (*Id*.)

On April 24, 2024, Plaintiff was directed to comply with the Court's prior Text Orders at Dkt. Nos. 10, 11, 12, 13, 14, 15, and 16, on or before May 24, 2024.  (Dkt. No. 17.)  Plaintiff was again "**ADVISED AND CAUTIONED THAT FAILURE TO SERVE . . . DEFENDANTS [in accordance with] FED. R. CIV. P. 4, MAY RESULT IN DISMISSAL OF THE ACTION FOR FAILURE TO PROSECUTE.  PLAINTIFF IS ALSO ADVISED AND CAUTIONED THAT FAILURE TO COMPLY WITH COURT ORDERS MAY RESULT IN DISMISSAL OF THE CASE.**"  (*Id*.)

On May 31, 2024, Plaintiff was directed to comply with the Court's prior Text Orders at Dkt. Nos. 10, 11, 12, 13, 14, 15, 16, and 17, on or before July 2, 2024.  (Dkt. No. 18.)  Plaintiff was again "**ADVISED AND CAUTIONED THAT FAILURE TO SERVE . . . DEFENDANTS [in accordance with] FED. R. CIV. P. 4, MAY RESULT IN DISMISSAL OF THE ACTION FOR FAILURE TO PROSECUTE.  PLAINTIFF IS ALSO ADVISED AND CAUTIONED THAT FAILURE TO COMPLY WITH COURT ORDERS MAY RESULT IN DISMISSAL OF THE CASE.**"  (*Id*.)

On August 1, 2024, the undersigned issued an order to show cause directing Plaintiff to show cause in writing on or before August 29, 2024, why the action should not be dismissed for failure to comply with Fed. R. Civ. P. 4(m).  (Dkt. No. 19.)  The order to show cause also stated that, should Plaintiff fail to respond, the Court may treat her noncompliance as a failure to serve and may dismiss the action pursuant to Fed. R. Civ. P. 4(m).  (*Id*.)

On September 3, 2024, the Court gave Plaintiff "a last opportunity to show cause in writing . . . why this matter should not be dismissed for failure to comply with Fed. R. Civ. P. 4(m)."  (Dkt. No. 20.)  On September 13, 2024, the Court's order to show cause dated September 3, 2024, was returned as undeliverable.  (Dkt. No. 21.)

To date, Plaintiff has failed to comply with the Court's Text Orders at Dkt. Nos. 10, 11, 12, 13, 14, 15, 16, 17, and 18.  (*See generally* docket sheet.)  In addition, Plaintiff failed to respond to the Court's orders to show cause at Dkt. Nos. 19, 20.  (*See generally* docket sheet.)

## III.    DISCUSSION

Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve a defendant "within 90 days after the complaint is filed."  The Rule provides, however, that "if the plaintiff shows good cause for the failure [to timely serve a defendant], the court must extend the time for service for an appropriate period."  Fed. R. Civ. P 4(m).  In the absence of good cause, the court may either "dismiss the action without prejudice" or, in its discretion, "order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  "In the Rule 4(m) context, a district court abuses its discretion when . . . it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff and providing an opportunity for her to show good cause for the failure to effect timely service."  *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012); *see Dicks v. Chow,* 382 F. App'x 28, 30 (2d Cir. 2010) (summary order) (affirming sua sponte dismissal for failure to serve where "the claim was dismissed over a year after the filing of the amended complaint, the court provided notice that the unserved defendants would be dismissed, and [the plaintiff] has never asserted any good cause for his failure to effect service").

The Court's Orders to Show Cause of August 1, 2024, and September 3, 2024, provided the notice required under Fed. R. Civ. P. 4(m) and the law of this Circuit.  *Mazzei v. Jackson*, 22-CV-0146, 2022 WL 16700526, at *1 (S.D.N.Y. Nov. 3, 2022) (citing *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) ("notice to the plaintiff must be given prior to a *sua sponte* dismissal")).  Despite several opportunities to serve Defendants, Plaintiff has failed to file a proof of service indicating that any of the numerous Defendants have been served.  (*See*

*generally* docket sheet.)  As a result, I recommend that this action be dismissed.  *See, e.g., Dicks*, 382 F. App'x at 30 (affirming *sua sponte* dismissal of *pro se* complaint under Rule 4(m) after notice); *Alsaidi v. City of New York*, 12-CV-5771, 2013 WL 4052880, at *3 (E.D.N.Y. Aug. 12, 2013) (dismissing complaint where "[p]laintiff failed to serve the Individual Officers even after he was granted an extension, *sua sponte*, by the presiding Magistrate Judge"); *Rios v. RedBubble, Inc.*, 18-CV-2260, 2018 WL 4538907 (S.D.N.Y. Sept. 21, 2018) (adopting magistrate judge's recommendation to dismiss pursuant to Rule 4(m) where plaintiff failed to effect timely service even after he was granted an extension); *Fiore v. Pinto*, 09-CV-2454, 2010 WL 4642474, at *1 (S.D.N.Y. Nov. 16, 2010) (adopting magistrate judge's recommendation to dismiss pursuant to Rule 4(m) where plaintiff failed to effect timely service or respond to court's order to show cause).

In the alternative, I recommend that this action be dismissed for failure to prosecute and comply with Court orders pursuant to Fed. R. Civ. P. 41.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order."  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).  It is settled that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).   A court considering whether to dismiss an action for failure to prosecute must weigh the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. No single factor is generally dispositive.

8

*Baptiste v. Sommers,* 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks and citation omitted).  The factors here favor dismissal of this case.

First, Plaintiff has failed to take any action to prosecute this case for over one year when Judge Nardacci denied her second motion for a temporary restraining order and preliminary injunction.  (Dkt. Nos. 7, 8.)  Plaintiff has continued to take no action despite numerous advisements from the undersigned that she must respond to Court orders or risk dismissal, with the first such warning being issued on September 19, 2023.  (Dkt. No. 10.)

Second, the Court's orders dated September 19, 2023, October 23, 2023, November 27, 2023, December 18, 2023, January 23, 2024, February 22, 2024, March 25, 2024, April 24, 2024, and May 31, 2024, put Plaintiff on notice that her failure to act may result in the dismissal of the action.  (Dkt. Nos. 10, 11, 12, 13, 14, 15, 16, 17, 18.)

Third, "while the prejudice to defendant and the burden on the [c]ourt are currently minimal, [P]laintiff's delay 'lean[s] in the direction of dismissal' even if 'only slightly.'"  *Rozell v. Berryhill*, 18-CV-0969, 2019 WL 1320514, at *2 (S.D.N.Y. Mar. 25, 2019) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)).  The Court has an interest in having this case either proceed or close if Plaintiff does not intend to see it through.

Fourth, the Court must also consider the heavy demands of its docket.  "Since [P]laintiff has shown no interest in moving this case forward, the [c]ourt's need to reduce docket congestion outweighs the [P]laintiff's right to be heard in this case."  *Phair v. Suffolk Cty. Corr. Facility*, 19-CV-3302, 2020 WL 3489495, at *2 (E.D.N.Y. June 26, 2020); *see also Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, 99-CV-9311, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) ("The efficient administration of judicial affairs—a consideration

vital to the [c]ourt's ability to provide meaningful access to other litigants—depends on the [c]ourt's overseeing its docket and guaranteeing that its cases progress with appropriate speed.").

Finally, no lesser sanction will be effective in moving this action forward. Plaintiff has ignored her obligation to prosecute this case, and ignored nine Court orders directing her to file a status report and complete service of process. (Dkt. Nos. 10, 11, 12, 13, 14, 15, 16, 17, 18.) If the case is not dismissed, it will likely remain open and stalled for the foreseeable future.

As a result, I recommend that this action be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve Defendants. In the alternative, I recommend that this action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or comply with this Court's orders.

**ACCORDINGLY**, it is respectfully

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this report and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[1]

---

[1]     The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[2]  Such objections shall be filed with the Clerk of the Court.  <u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**</u>.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: September 27, 2024
          Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[2]      If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

Mazzei v. Jackson, Not Reported in Fed. Supp. (2022)

Case 3:23-cv-00671-AMN-ML    Document 22    Filed 09/27/24    Page 12 of 29

2022 WL 16700526
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Raymond MAZZEI, Plaintiff,
v.
Barbara JACKSON, Defendant.

22-CV-00146 (PMH)
|
Signed November 3, 2022

**Attorneys and Law Firms**

Robert L. Reda, Law Office of Robert L. Reda, P.C., Suffern, NY, for Plaintiff.

## ORDER

PHILIP M. HALPERN, United States District Judge:

## Background

**\*1** Raymond Mazzei ("Plaintiff") initiated this diversity action by filing a Complaint on January 6, 2022. (Doc. 1). Plaintiff sought a Summons as to Barbara Jackson ("Defendant") on January 24, 2022, and that Summons was issued on January 25, 2022. (Doc. 6; Doc. 7). On June 6, 2022, over four months after the Summons was issued, the Court issued an Order to Show Cause directing the Plaintiff to either (i) file to the docket proof of service, or (ii) show good cause in writing for his failure to comply with Fed. R. Civ. P. 4(m). (Doc. 8). On June 28, 2022, Plaintiff filed a letter in response to the Court's Order to Show Cause, requesting additional time to locate Defendant and effectuate service. (Doc. 9). On June 29, 2022, the Court extended the time to serve Defendant to September 27, 2022 and held that "[n]o further extensions will be granted." (Doc. 10). Plaintiff has not filed a proof of service indicating that Defendant has been served.

## Legal Standard

Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve a defendant "within 120 days after the complaint is filed." The Rule provides, however, that "if the plaintiff shows good cause for the failure [to timely serve a defendant], the court must extend the time for service for an appropriate period." In the absence of good cause, the court may either "dismiss the action without prejudice" or, in its discretion, "order that service be made within a specified time." Fed.R.Civ.P. 4(m).

## Discussion

The Court's June 6, 2022 Order to Show Cause provided the notice required under Rule 4(m) and the law of this Circuit. *See, e.g., Thompson v. Maldonado,* 309 F.3d 107, 110 (2d Cir. 2002) ("notice to the plaintiff must be given prior to a *sua sponte* dismissal"). Despite the Court extending the time for Plaintiff to effect service on Defendant by nearly three additional months, Plaintiff has failed to file a proof of service indicating that Defendant has been served. Dismissal is therefore appropriate. *See, e.g., Dicks v. Chow,* 382 F. App'x 28, 30 (2d Cir. 2010) (affirming *sua sponte* dismissal of *pro se* complaint under Rule 4(m) after notice); *Alsaidi v. City of New York,* 2013 WL 4052880, at \*3 (E.D.N.Y. Aug. 12, 2013) (dismissing complaint where "[p]laintiff failed to serve the Individual Officers even after he was granted an extension, *sua sponte,* by the presiding Magistrate Judge"); *Rios v. RedBubble, Inc.,* No. 18-CV-2260, 2018 WL 4538907 (S.D.N.Y. Sept. 21, 2018) (adopting magistrate judge's recommendation to dismiss pursuant to Rule 4(m) where plaintiff failed to effect timely service even after he was granted an extension); *Fiore v. Pinto,* 2010 WL 4642474, at \*1 (S.D.N.Y. Nov. 16, 2010) (adopting magistrate judge's recommendation to dismiss pursuant to Rule 4(m) where plaintiff failed to effect timely service or respond to court's order to show cause).

## Conclusion

For the foregoing reasons, this action will be dismissed without prejudice for Plaintiff's failure to effect timely service. The Clerk of Court is respectfully directed to close this case.

**\*2** SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2022 WL 16700526

Case 3:23-cv-00671-AMN-ML    Document 22    Filed 09/27/24    Page 13 of 29

Mazzei v. Jackson, Not Reported in Fed. Supp. (2022)

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

  © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2013 WL 4052880
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

Mohamed ALSAIDI, Plaintiff,

v.

CITY OF NEW YORK et al., Defendants.

No. 12–CV–5771 (PKC).
|
Aug. 12, 2013.

**Attorneys and Law Firms**

Robert H. Parker, Law Office of Robert H. Parker, Brooklyn, NY, for Plaintiff.

Richard Weingarten, New York City Law Department, New York, NY, for Defendants.

### *MEMORANDUM & ORDER*

PAMELA K. CHEN, District Judge.

**\*1** Plaintiff Mohamed Alsaidi brings this action pursuant to 42 U.S.C. § 1983 against Defendants the City of New York ("City"), the New York City Police Department ("NYPD"), certain named N.Y. PD Officers, and other unidentified NYPD Officers listed as "JOHN DOES" and "JANE DOES" (together with the named NYPD Officers, "Individual Officers"). This action arises out of Plaintiff's alleged false arrest on April 23, 2010 by NYPD Officers. Plaintiff asserts: (1) state law claims against the Individual Officers; (2) § 1983 claims against the Individual Officers based on federal constitutional violations; and (3) a *Monell* claim against the City. [1]

This Court held a pre-motion conference on August 6, 2013 (the "Conference") regarding Defendants' impending motion to dismiss. (Dkt. No. 11.) For the reasons set forth at the Conference, in conjunction with those set forth herein, Plaintiff's claims against the Individual Officers are hereby dismissed without prejudice for failure to serve pursuant to Fed.R.Civ.P. 4(m). [2] The Court reserves judgment regarding dismissal as to any other claims.

**Background**

I. *Relevant Facts*

The Court recites only those facts relevant to this Order. The arrest underlying this action took place on April 23, 2010. Plaintiff commenced this litigation on November 21, 2012 based on § 1983 and state law claims. In addition to the City and the N.Y. PD, Plaintiff named Sgt. Muea, P.O. Brooks, P.O. Cooper, and several John and Jane Doe NYPD Officers as defendants. Plaintiff failed to serve any of the Individual Officers—named or not—within the one hundred twenty (120) day period allotted by Fed.R.Civ.P. 4(m), which expired on March 21, 2013. By Order dated May 8, 2013, the Honorable Vera M. Scanlon notified Plaintiff that the 120–day period of service had elapsed, but *sua sponte* extended the time for him to effectuate service of the Individual Officers to May 29, 2013. (Dkt. No. 9.) In the same order, Judge Scanlon reminded Plaintiff that "this court may *sua sponte* dismiss an action" for failure to effectuate timely service. (*Id.*) Plaintiff did not serve or attempt to serve any of the Individual Officers thereafter.

On July 12, 2013, Defendants submitted to the Court a request to file a motion to dismiss, with opposing counsel copied via ECF. (Dkt .No11.) In addition to outlining the bases for their motion, Defendants asked the Court to *sua sponte* dismiss Plaintiff's claims against the Individual Officers both for failure to serve and as time-barred. (*Id.* at footnote 3.) Defendants argued, *inter alia,* that: (1) the state law causes of action against the Individual Officers should be dismissed because a notice of claim was not filed within ninety days and the action was not commenced within one year and ninety days, as required by N.Y. Gen. Mun. L. §§ 50–e(1)(a), 50–i(1)(c); (2) Plaintiff's claims against the unnamed Individual Officers are time-barred, as Plaintiff failed to name and serve such Individual Officers prior to the lapse of the applicable three year statute of limitations on April 24, 2013; and (3) Plaintiff's claim with respect to all Individual Officers should be dismissed because the period of service of the complaint required by Fed R. Civ. P. 4(m), 120 days, as well as the extension period granted by Judge Scanlon, had run. (*Id.*)

**\*2** In his response letter dated July 15, 2013, Plaintiff's counsel offered two explanations for the failure to serve the Individual Officers by the extended deadline. First, he claimed that he had communicated with defense counsel "last week on several occasions seeking the FULL names of the unnamed defendant police officers, [and that] Corporation

Counsel refused to provide said names, stating "I (plaintiff) already know who the police officers' [sic] are because I named them in the complaint." (Dkt. No. 13.) Second, he explained that he is a sole practitioner and was on trial when Judge Scanlon issued Plaintiff an *extension* and, "[s]omehow, this court's order to serve the unnamed defendant's was lost and the deadlines did not make it onto my calendar." (*Id.*) Seeking to justify another extension of the service deadline, Plaintiff's counsel stated that "[a] harsh result would occur if the plaintiff were not allowed to file an extension to serve the unnamed defendants [ ]" because "the statute of limitations expired on April 10, 2013." [3] (*Id.*).

Significantly, Assistant Corporation Counsel Richard Weingarten ("ACC Weingarten") refuted Plaintiff's counsel's claim that ACC Weingarten had refused to provide him with the names of the John and Jane Doe Officers. In a letter dated July 17, 2013, ACC Weingarten represented that, to his knowledge, he had "never spoken with Mr. Parker over the phone, and certainly [had] not done so in the last several weeks" and that "the entirety of counsels' communication since the inception of the lawsuit have occurred via email and are thus, readily discernible." (Dkt. No. 14 at 1.) Attached to ACC Weingarten's letter was a copy of the only email communication between Plaintiff's Counsel and ACC Weingarten, which consisted of two emails, one sent by Plaintiff's counsel on July 3, 2013 and a responsive email sent by ACC Weingarten the next day. In his July 3rd email, Plaintiff's counsel stated, *inter alia,* that he was "interested in whether you discovered the names of the unknown police officers or detectives involved in plaintiff's arrest." ACC Weingarten responded the next day with:

> What unknown police officers are you referring to?

> While there are John/Jane Doe officers named in the caption of the complaint, no John/Dane [sic] Doe officers are mentioned in the body of the complaint. Moreover, you refer to several officers in the body of the complaint by name.

Plaintiff's counsel failed to respond to ACC Weingarten's July 4th email or otherwise follow up with Corporation Counsel to identify the John and Jane Doe Officers.

As the record shows, Plaintiff's counsel did not inquire with Defendants' counsel as to the names of the Individual Officers until July 3, 2013 (Dkt. No 14), long after the service period *and* extension had run. [4] Despite the lack of follow-up by Plaintiff's counsel after the July 3–4 email exchange, in his July 17th letter, ACC Weingarten provided the true and correct names, badge numbers and addresses of the named Individual Officers. (Dkt. No. 14, n. 2.) Plaintiff *still* did not serve those officers.

**\*3** On August 6, 2013, the Court held a pre-motion conference regarding Defendants' prospective motion to dismiss for, *inter alia,* failure to serve the Individual Officers. The Court repeatedly probed Plaintiff's counsel for any "good cause"-or even any reasonable excuse-as to why he missed both the original and extension periods of service. Plaintiff's counsel could provide no reason for his failure to serve other than that he was busy and frequently on trial since the filing of the complaint in November 2012. The Court ruled that Plaintiff's claims against the Individual Officers were dismissed based on the failure to serve them, but reserved judgment on whether the dismissal would be with prejudice.

### Discussion

Plaintiff asserts two counts against the Individual Officers, one based on state law and the other based on § 1983. However, because Plaintiff has failed to serve any of the Individual Officers in the eight and one-half months since the filing of this action, and because he has already been given a *sua sponte* extension and provides no good cause for his neglect, the Court, in its discretion, dismisses all of his claims against the Individual Officers. [5]

II. *Federal Rule of Civil Procedure 4(m)*

Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve all defendants to an action within 120 days after filing the complaint. Fed.R.Civ.P. 4(m). If a plaintiff shows good cause for that failure, the Court must extend the time for service. *Id.* Where no good cause is shown, on motion or on its own after notice to the plaintiff is given, the Court has discretion to dismiss the complaint without prejudice. *Id.; Zapata v. City of New York,* 502 F.3d 192, 196–97 (2d Cir.2007) (holding that district courts have discretion to grant extensions of time to serve process even in the absence of good cause). The Second Circuit has held that "before [it] will even consider vacating a Rule 4(m) dismissal ... the plaintiff must ordinarily advance some colorable excuse for neglect." *Zapata,* 502 F.3d at 198; *see also Bogle–Assegai v. Connecticut,* 470 F.3d 498, 509 (2d Cir.2006). Absent good cause, the district court ought to weigh the impact that dismissal or extension would have on the parties. *Zapata,* 502

F.3d at 197 ("so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal would have on the parties.").

### III. Absence of Good Cause

In this case, it is undisputed that Plaintiff has failed to serve the Individual Officers and has therefore failed to comply with Rule 4(m). *See* Fed.R.Civ.P. 4(m). In fact, Plaintiff failed to serve the Individual Officers even after he was granted an extension, *sua sponte,* by the presiding Magistrate Judge and explicitly warned that, were service not effectuated by May 29, 2013, "this Court may *sua sponte* dismiss an action without prejudice for failure to effectuate timely service." (Dkt. No. 9.) Receiving notice from Defendants that they would move to dismiss based on lack of service likewise spurred no action from Plaintiff. And even after Defendants' counsel provided the complete identifying information and addresses for the named Individual Officers (Dkt. No. 14), Plaintiff made no attempt to serve them.

**\*4** Plaintiff's counsel offers nothing resembling a colorable excuse for neglecting the original service deadline or the Court's *sua sponte* extension.[6] Clearly, the explanation that "[s]omehow, this court's order to serve the unnamed defendant's was lost and the deadlines did not make it onto my calendar" does not constitute a colorable excuse. (Dkt. No. 13). Nor has Plaintiff's counsel demonstrated any fault by Corporation Counsel in facilitating service of the Individual Officers.[7] Unfortunately for Plaintiff, counsel's inadvertence or neglect does not excuse failed service. *Abreu v. City of New York,* 657 F.Supp.2d 357, 362 (E.D.N.Y.2009) (citing *e.g., Hollomon v. City of New York,* No. 04–CV–2964, 2006 WL 2135800, at *3 (E.D.N.Y. July 31, 2006) (a "delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause") (quoting *Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.,* 197 F.R.D. 104, 108 (S.D.N.Y.2000)); *Beauvoir v. United States Secret Serv.,* 234 F.R.D. 55, 56 (E.D.N.Y.2006)). Moreover, any claim that Plaintiff would serve the Individual Officers if only he were given one more chance is belied by the fact that Plaintiff's counsel received the names of certain Individual Officers from ACC Weingarten three weeks prior to the Conference, and Plaintiff's counsel still made no effort to serve those individuals before the Conference.

### IV. Prejudice

The Court is mindful of the impact dismissal will have on Plaintiff. While this dismissal is without prejudice to the filing of a new complaint under Rule 4(m), Plaintiff's § 1983 claims, which in New York are subject to a three-year statute of limitations, *Pearl v. City of Long Beach,* 296 F.3d 76, 70 (2d Cir.2002), would now be time-barred against the Individual Officers. Effectively, Plaintiff's § 1983 claims against the Individual Officers will be extinguished. However, the impact of the dismissal on Plaintiff's federal claims is partially mitigated by the fact that these claims would be time-barred as to the unnamed individual officer defendants even if Plaintiff were granted another extension of time in which to serve them. Where a Plaintiff uses John/ Jane Does as a placeholder for a defendant, he is generally required to substitute the named party within the applicable statute of limitations period. *Barrow v. Wethersfield Police Dep't,* 66 F.3d 466, 468–70 (2d Cir.1995).[8] Since the statute of limitations on Plaintiff's federal claims expired, at the latest, on April 24, 2013, Plaintiff's federal claims against the unnamed Individual Officers are time-barred because Plaintiff failed to substitute the names of the John and Jane Doe Officers by that date. *See Pearl,* 296 F.3d at 70; *see also Wallace v. Kato,* 549 U.S. 384, 388–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (holding that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends."). Thus, another extension of service deadline would not have saved the federal claims against the John and Jane Doe defendants since Plaintiff failed to substitute their true names within the limitations period.

**\*5** The impact on Plaintiff of this dismissal is also mitigated by the fact that his state law claims against all of the Individual Defendants, named and unnamed, are procedurally barred. "[I]n a federal court, state notice-of-claim statutes apply to state law claims." *Hardy v. New York City Health Hosps. Corp.,* 164 F.3d 789, 793 (2d Cir.1999). Under New York's general municipal law, "a notice of claim is a mandatory precondition to bringing a tort claim against a municipality or any of its ... employees." *Hyde v. Arresting Officer Caputo,* 98 CV 6722(FB)(ASC), 2001 WL 521699, at * 4 (E.D.N.Y. May 11, 2001) (citing N.Y. Gen. Mun. L. §§ 50–e, 50–i(1) (a)). Here, it appears that Plaintiff never filed a notice of claim as required by N.Y. Gen. Mun. L. § 50–e. (Dkt. No. 11 at 3.)

In any event, even if Plaintiff had timely filed a notice of claim, his state law claims would still be time barred. Under New York law, a plaintiff pursuing a state law tort claim against a city must commence the action "within one year and ninety days after the happening of the event upon which the

claim is based." N.Y. Gen. Mun. § 50–I(c). Plaintiff's state law claims accrued on April, 24, 2010, the date of his release from custody and the charge against him was dismissed. *See Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir.1980); *Hyde,* 2001 WL 521699 at * 4. Plaintiff filed this action on November, 21, 2012–two years and 212 days after the alleged incident giving rise to this action-well past the one year and 90–day limitations period.

Due to the procedural bars to Plaintiff's state law claims, even if he were granted an extension of time in which to serve the Individual Defendants, these claims would likely not survive. Thus, the impact of the dismissal on Plaintiff is less than it would have been had he timely noticed or filed his state law claims.

On the other hand, the Individual Officers would be prejudiced if this Court granted *another* extension prolonging Plaintiff's opportunity to serve them on a claim that accrued more than three and half years ago and about which they have received no notice. *See Zapata,* 502 F.3d at 198. Notwithstanding the Court's sympathy for a plaintiff who relies on counsel to meet applicable deadlines, principles of judicial efficiency and economy, and fairness to both parties, warrant dismissal, especially where Plaintiff was given an extension and warnings about the failure to timely serve the Individual Officers. As the Second Circuit noted in *Zapata* "in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of plaintiff's neglect." *Zapata,* 502 F.3d at 198 (affirming district court's Rule 4(m) dismissal where, *inter alia,* plaintiff sought a tardy extension of time to serve the defendant). [9] Plaintiff's claims against the Individual Officers are accordingly dismissed without prejudice. [10]

### Conclusion

**\*6** For the foregoing reasons, along with those stated at the Conference, Plaintiff's claims against the Individual Officers —specifically the First and Second Causes of Action of the Complaint—are dismissed without prejudice.

SO ORDERED:

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 4052880

---

### Footnotes

1    Plaintiff has also named the N.Y. PD as a defendant in this action. However, "the NYPD is a non-suable agency of the City." *Griffin v. City of New York,* 880 F.Supp.2d 384, 393 (E.D.N.Y.2012) (quoting *Jenkins v. City of New York,* 478 F.3d 76, 93 n. 19 (2d Cir.2007)).

2    Although the Court dismisses these claims without prejudice, as discussed *infra,* the practical effect is a dismissal with prejudice because the statute of limitations has run on these claims.

3    Notably, the statute of limitations date referenced in Plaintiff's letter only applies to his federal law claims. Plaintiff's counsel appeared to be unaware that the limitations period for his client's state law claims is only one year and ninety days. N.Y. Gen. Mun. L. §§ 50–e(1)(a), 50–i(1)(c). Furthermore, as mentioned in defense counsel's July 12th letter and discussed *infra,* the statute of limitations ran on Plaintiff's federal law claims on April 24, and not April 10, 2013.

4    It should also be noted that Plaintiff did not provide Defendant with an executed 160.50 release—a prerequisite for disclosing the Individual Officers' identifying information—until April 15, 2013, well after the initial 120 day-period had closed. (Dkt. No. 14).

5    Plaintiff's *Monell* claim against the City will go forward.

6    Though Plaintiff claimed that he had issues identifying the Individual Officers, he did not make such attempts until after the service period and extension had run, more than seven months after the filing of the complaint; and even then the attempt was feeble at best. (*See* Dkt. No. 15). In fact, Plaintiff did not respond to Defendants' counsel's solicitations about which NYPD Officers, if any, Plaintiff sought to identify. (*Id.*) Indeed, Plaintiff's counsel's half-hearted effort in early July 2013 to identify the unnamed Individual Officers appears to have been spurred on by the initial conference scheduled for July 19, 2013 before Judge Scanlon, who had warned Plaintiff in her May 8th order that she might *sua sponte* dismiss his claims against the Individual Officers for lack of service.

7    Indeed, given the representations in the parties' July 15, 2013 and July 17, 2013 correspondence, the Court has concerns about what appears to be a disingenuous, if not dishonest, effort by Plaintiff's counsel to blame opposing counsel for a serious lapse in his own performance.

8    It is true that courts have rejected the dismissal of suits against unnamed defendants described by role where a plaintiff requires discovery to learn the identities of responsible officials. *See e.g., Davis v. Kelly,* 160 F.3d 917, 921 (2d Cir.1998). However, Plaintiff has offered nothing to show that that is the situation here. The complaint describes conduct by the named defendant officers, but does not describe any action taken by a John or Jane Doe officer. Furthermore, Corporation Counsel was willing to work with Plaintiff to identify any involved unnamed officers.

9    In *Zapata v. City of New York,* the Court upheld a dismissal based on a fact set similar to the one in question. As here, the plaintiff in *Zapata* "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay." *Zapata,* 502 F.3d at 198. Only here, Plaintiff was once given a reprieve when the Court *sua sponte* extended the service period that Plaintiff subsequently missed.

10    Although Plaintiff could seek to re-file his claims against the Individual Officers, as discussed, these claims almost inevitably would be time-barred. Should Plaintiff choose this course of action, he would be required to establish sufficient grounds for equitable tolling of the statute of limitations, which, based on the current record, seems a near-impossibility.

---

**End of Document**                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2018 WL 4538907
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Liza RIOS, Plaintiff,

v.

REDBUBBLE, INC., et al., Defendants.

18-CV-2260 (RA)

|

Signed 09/21/2018

**Attorneys and Law Firms**

Liza Rios, New York, NY, pro se.

ORDER ADOPTING REPORT
AND RECOMMENDATION

RONNIE ABRAMS, United States District Judge

**\*1** Plaintiff Liza Rios brings this action *pro se*, fee paid, seeking damages against seven corporate defendants for allegedly infringing on her registered trademark. Only four of those defendants remain in the case—but there is no indication that any of them have been properly served with the summons and Complaint under Federal Rule of Civil Procedure 4. Before the Court is the August 28, 2018 Report and Recommendation of the Hon. Barbara Moses (the "Report"), which recommends dismissing Plaintiff's claims against the four absent defendants without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and 12(b)(5). *See* R. & R. (Dkt. 28).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). That deadline is extended to 17 days when service is made by mail. *See* Fed. R. Civ. P. 6(d). "The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Hancock v. Rivera*, No. 09-CV-7233 (CS) (GAY), 2012 WL 3089292, at \*1 (S.D.N.Y. July 30, 2012) (internal citation omitted).

Plaintiff's deadline for objecting to the Report has passed, and Plaintiff has not objected to Judge Moses' thorough and well-reasoned Report. The Court thus reviews the Report for clear error and, finding none, adopts the Report in its entirety. Accordingly, Plaintiff's claims against the four defendants who have not appeared—RedBubble, Inc., Society 6, LLC, Cloudfare, Inc., and Amazon.com, LLC—are dismissed without prejudice.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to close the case.

SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 4538907

---

 © 2024 Thomson Reuters. No claim to original U.S. Government Works.

 © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2010 WL 4642474
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Suzanne FIORE, Plaintiff,

v.

Andrew PINTO et al., Defendants.

No. 09 Civ. 2465(GBD)(GAY).
|
Nov. 16, 2010.

*MEMORANDUM DECISION AND ORDER*

GEORGE B. DANIELS, District Judge.

**\*1** On March 18, 2009, Plaintiff Suzanne Fiore initiated this action alleging that Defendants falsely arrested her and retaliated against her because of her speech. Judge Stephen Robinson referred the case to Magistrate Judge Yanthis for all purposes. After Plaintiff failed to serve Defendants within 120 days after filing the complaint and failed to respond to Magistrate Judge Yanthis' Order to Show Cause, Magistrate Judge issued a Report & Recommendation ("Report") recommending that this Court dismiss the case pursuant to Fed.R.Civ.P. 4(m).

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.; see also Rivera v. Barnhart,* 432 F.Supp.2d 271, 273 (S.D.N.Y.2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. *See United States v. Raddatz,* 447 U.S.

667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith,* 618 F.Supp. 1186, 1189–90 (S.D.N.Y.1985) (quoting *Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir.1983)), When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato,* 388 F.Supp.2d 250, 253 (S.D.N.Y.2005) (citation omitted).

In his Report, Magistrate Judge Yanthis advised Petitioner that failure to file timely objections to the Report would constitute a waiver of those objections. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). Plaintiff failed to file timely objections.

Magistrate Judge Yanthis properly recommended that the case be dismissed under Rule 4(m). Rule 4(m) allows a Court, on its own motion after notice, to dismiss an action if the defendant has not been served within 120 days after the complaint has been filed. Fed.R.Civ.P. 4(m). Magistrate Judge Yanthis provided such notice when he issued an Order to Show Cause on June 17, 2010. *See Thompson v. Maldonado,* 309 F.3d 107, 110 (2d Cir.2002). Because Plaintiff failed to serve Defendants within 120 days of filing her Complaint, failed to respond to Magistrate Judge Yanthis' Order to Show Cause, and otherwise failed to appear in this action, this Court dismisses Plaintiff's complaint without prejudice.

**Conclusion**

The Court adopts the Report and Recommendation. Plaintiff's complaint is dismissed without prejudice.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 4642474

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2019 WL 1320514
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Richard ROZELL, Plaintiff,

v.

Nancy A. BERRYHILL, Defendant.

18-CV-969 (AJN) (JLC)

|

Signed March 25, 2019

**Attorneys and Law Firms**

Warren Jeffrey Roth, Bartlett, McDonough, Bastone &
Monaghan, LLP, White Plains, NY, for Plaintiff.

Amanda Frances Parsels, Office of the United States
Attorney, New York, NY, for Defendant.

### REPORT & RECOMMENDATION

JAMES L. COTT, United States Magistrate Judge

**\*1 To the Honorable Alison J. Nathan, United States
District Judge:**

On February 5, 2018, plaintiff, represented by counsel, filed
his complaint against Nancy Berryhill, acting Commissioner
of the Social Security Administration (Dkt. No. 5). On June
11, 2018, the Court issued an order directing plaintiff to
explain why service of the complaint had not been completed
(given that the deadline was May 4, 2018) and why this case
should not be dismissed for failure to prosecute (Dkt. No.
13). On June 28, 2018, plaintiff filed his affidavit of service,
but failed to comply with Rule 4(i) of the Federal Rules of
Civil Procedure as he did not serve the U.S. Attorney's Office
for the Southern District of New York (Dkt. Nos. 17, 19).
On July 25, 2018, plaintiff filed another affidavit of service,
curing this deficiency (Dkt. No. 23). On November 2, 2018,
the Court issued an order directing the government to file the
administrative record (given that the deadline was October 25,
2018) (Dkt. No. 24). On November 9, 2018, the government
filed the administrative record, triggering the date by which
plaintiff's motion for judgment on the pleadings was due to
be filed (Dkt. No. 26).

By the Court's calculation, plaintiff's motion should have been
filed by February 19, 2019 (60 days after the record was filed

plus an additional 37 days to account for the stay due to the
government shutdown). However, plaintiff failed to file any
motion by February 19. Accordingly, on February 21, 2019,
the Court issued an order directing plaintiff to explain by
February 28, 2019 why he had not yet filed his motion papers
and to propose a briefing schedule for further submissions
(Dkt. No. 28). On March 5, 2019, having received nothing
from plaintiff, the Court issued an order to show cause why
this action should not be dismissed for failure to prosecute
(Dkt. No. 29). The Court gave plaintiff until March 12,
2019 to respond, and put plaintiff on notice that a failure to
respond would lead to a recommendation to Judge Nathan that
she dismiss this case for failure to prosecute, as "no lesser
sanction would be effective in these circumstances" (*Id.*). To
date, plaintiff has not filed any response.

"Although not explicitly authorized by Rule 41(b) [of the
Federal Rules of Civil Procedure], a court may dismiss a
complaint for failure to prosecute *sua sponte.*" *Zappin v.
Doyle*, No. 18-1420, 2019 WL 1210296, at \*1 (2d Cir. Mar.
13, 2019). Courts weigh five factors when assessing whether
to dismiss for failure to prosecute:

> (1) the duration of the plaintiff's
> failure to comply with the court
> order, (2) whether plaintiff was on
> notice that failure to comply would
> result in dismissal, (3) whether the
> defendants are likely to be prejudiced
> by further delay in the proceedings, (4)
> a balancing of the court's interest in
> managing its docket with the plaintiff's
> interest in receiving a fair chance to be
> heard, and (5) whether the judge has
> adequately considered a sanction less
> drastic than dismissal. No single factor
> is generally dispositive.

**\*2** *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

These factors favor dismissal of plaintiff's complaint. Plaintiff
has taken no action to prosecute his case beyond filing his
initial complaint in February 2018. *See e.g., Ortega v. Apfel*, 5
F. App'x 96, 97 (2d Cir. 2001) (affirming dismissal for failure
to prosecute when "[t]he record reveal[ed] that, beyond filing
his complaint ..., [plaintiff] took no action to prosecute his
case."). The Court had to remind plaintiff in June 2018 to

Rozell v. Berryhill, Not Reported in Fed. Supp. (2019)

Case 3:23-cv-00671-AMN-ML    Document 22    Filed 09/27/24    Page 22 of 29

serve the complaint after more than a month had passed after the deadline to do so. Plaintiff then proceeded to do so incorrectly, causing even more delay. His last contact with the Court was on July 25, 2018 when he filed his affidavit of service. The Court, of its own accord not on application by plaintiff, reminded the government of the deadline to file the administrative record in November 2018. Plaintiff's current motion is now more than a month late, and the Court has issued two orders in the intervening time directing him to provide a reason for the delay to no avail. The most recent order specifically warned plaintiff that failure to respond would result in a recommendation of dismissal for failure to prosecute. Furthermore, while the prejudice to defendant and the burden on the Court are currently minimal, plaintiff's delay "lean[s] in the direction of dismissal" even if "only slightly." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001).

Finally, dismissal is warranted because no lesser sanction would be effective to move this case forward given plaintiff's inaction. *See, e.g., Edwards v. Janssen Pharm. Inc.*, No. 17-CV-918 (NSR) (LMS), 2018 WL 4658807, at *2 (S.D.N.Y. May 9, 2018) ("no lesser sanction but dismissal" when counseled plaintiff failed to comply with court's schedule), *adopted by,* 2018 WL 2461275 (S.D.N.Y. May 31, 2018). [1] However, dismissal without prejudice "is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso v. Cty. of Suffolk*, No. 08-CV-0826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010) (dismissing without prejudice as a lesser sanction). [2]

**\*3** For these reasons, the Court recommends dismissing this case without prejudice for failure to prosecute.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Alison J. Nathan and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Nathan.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**All Citations**

Not Reported in Fed. Supp., 2019 WL 1320514

---

### Footnotes

1    While courts remain "especially hesitant to dismiss for procedural deficiencies where ... the failure is by a pro se litigant," plaintiff in this case is represented by counsel. *Ambrose v. Mestre*, No. 12-CV-4349 (PAE) (JLC), 2014 WL 2708021, at *2 (S.D.N.Y. June 16, 2014), *adopted by,* 2014 WL 5089438 (S.D.N.Y. Sept. 24, 2014). As such, the total lack of communication and disregard for court orders and procedural requirements is especially stark.

2    The Social Security Act, 42 U.S.C. § 405(g), provides a 60-day statutory deadline that Social Security applicants must meet to timely file a civil action in a district court. According to his complaint, plaintiff received notice of his denial of benefits on December 12, 2017. Dkt. No. 5 ¶ 10. Thus, if plaintiff were to refile his complaint after dismissal without prejudice, he would be beyond the statute of limitations period. However, "[t]hough the 60-day filing requirement is strictly construed, the statute containing the limitations period is

'unusually protective of claimants,' and therefore, equitable tolling is sometimes appropriate." *Hans v. Comm'r of Soc. Sec.*, No. 16-CV-270 (RRM), 2019 WL 1099951, at *3 (E.D.N.Y. Feb. 28, 2019) (quoting *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) ). As such, courts in this District have dismissed Social Security cases without prejudice for failure to prosecute even if the statute of limitations period had already passed or would have passed if re-filed. In *Avila v. Comm'r of Soc. Sec.*, for example, the court found plaintiff in a Social Security case had: (1) untimely filed her complaint, (2) made no showing of entitlement to equitable tolling, and (3) failed to diligently prosecute her case, but still dismissed the case without prejudice as a lesser sanction. No. 15-CV-2456 (JGK), 2016 WL 1562944, at *2–3 (S.D.N.Y. Apr. 18, 2016); *see also Aldarondo v. Comm'r of Soc. Sec.,* No. 12-CV-08529 (CM) (DF), 2014 WL 2111701, at *3 (S.D.N.Y. May 20, 2014) (dismissing Social Security case without prejudice to allow "for the possibility that Plaintiff had good cause for failing to prosecute his case at this time.").

Accordingly, though courts often dismiss with prejudice cases in which the statute of limitations would make attempts to re-file futile (*see, e.g., Rudder v. Jimenez,* No. 11-CV-3453 (VSB) (JLC), 2014 WL 1349047, at *6 (S.D.N.Y. Apr. 7, 2014), *adopted by,* 2014 WL 2855012 (S.D.N.Y. June 23, 2014) ), the Court is mindful that plaintiff may be able to provide adequate reasons for equitable tolling should he choose to re-file his complaint. For example, plaintiff in this case is represented by counsel who has either deliberately ignored court orders or has otherwise inadvertently allowed this case to lapse. *See Torres v. Barnhart,* 417 F.3d 276, 279 (2d Cir. 2005) (district court erred in not granting evidentiary hearing on equitable tolling as plaintiff "had every reason to believe that [his counsel] was sensitive to the timing issue and would timely file the complaint," and counsel did not do so).

---

**End of Document** © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Phair v. Suffolk County Correctional Facility, Not Reported in Fed. Supp. (2020)

Case 3:23-cv-00671-AMN-ML    Document 22    Filed 09/27/24    Page 24 of 29

2020 WL 3489495
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

William Brian PHAIR, Plaintiff,

v.

SUFFOLK COUNTY CORRECTIONAL
FACILITY, Defendant.

19-CV-3302 (GRB) (LB)
|
Signed 06/26/2020

**Attorneys and Law Firms**

William Brian Phair, Riverhead, NY, pro se.

### ORDER

GARY R. BROWN, United States District Judge:

**\*1** On June 3, 2019, then-incarcerated *pro se* plaintiff William Brian Phair ("plaintiff") filed a complaint in this Court together with an application to proceed *in forma pauperis.* However, plaintiff did not file the required Prisoner Litigation Authorization form ("PLRA"). Accordingly, by Notice of Deficiency also dated June 3, 2019 (the "Notice"), plaintiff was instructed to complete and return the enclosed PLRA within fourteen (14) days in order for this case to proceed. (See Docket Entry 3.) On June 13, 2019, mail sent to plaintiff at his address of record, including the Notice, was returned to the Court marked "undeliverable" and "discharged return to sender." (See Docket Entries 6-8.) On June 16, 2020, this case was reassigned to the undersigned and a copy of the docket reflecting this reassignment was mailed to plaintiff at his address of record. On June 22, 2020, it too was returned to the Court. (Docket Entry 9.) To date, plaintiff has not filed the PLRA nor has he communicated with the Court in over a year since his June 3, 2019 filing. Additionally, plaintiff has not updated his address with the Court.

The federal courts are charged with taking measures "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "If the plaintiff fails to prosecute or to comply with the[ ] [Federal] [R]ules [of Civil Procedure] or a court order," the district court may dismiss the complaint. Rule 41(b). "The district

court also has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). "Although not explicitly authorized by Rule 41(b) [of the Federal Rules of Civil Procedure], a court may dismiss a complaint for failure to prosecute *sua sponte.*" *Zappin v. Doyle*, 756 F.App'x 110, 111-12 (2d Cir. 2019) (summary order).

When considering "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a district court principally examines these factors: 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal. *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 62-63 (2d Cir. 2000); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). No one factor is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

In addition, all litigants, even those acting *pro se,* have a "duty to diligently pursue [their] case and to inform th[e] Court[ ] ... of any change of address." *Thornton v. Moroney*, 13-CV-8912, 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014). Indeed, "[t]he duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.' " *Alomar v. Recard*, 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting *Handlin v. Garvey*, 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); *see also English v. Azcazubi*, 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address."). As is readily apparent, a case cannot proceed unless the Court and defense counsel are able to contact the plaintiff. *Pagan v. Westchester Cnty.*, 12-CV-7669, 2014 WL 4953583, at *5 (S.D.N.Y. Oct. 1, 2014) ("Absent valid contact information, the Court cannot apprise the plaintiffs of their obligations in or the status of their case, and the litigation cannot proceed without their participation."). If a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." *Mercedes v. New York D.O.C.*, 12-CV-2293, 2013 WL 6153208, at *2

Phair v. Suffolk County Correctional Facility, Not Reported in Fed. Supp. (2020)

Case 3:23-cv-00671-AMN-ML    Document 22    Filed 09/27/24    Page 25 of 29

(S.D.N.Y. Nov. 21, 2013); *Thornton*, 2014 WL 2805236, at *2.

**\*2** Here, plaintiff has failed to file the PLRA and has not kept his address current with the Court. Since plaintiff's June 3, 2019 filing of the complaint, he has not contacted the Court and all mailings from the Court to plaintiff at his address of record have been returned. Given that over one year has elapsed since plaintiff last communicated with the Court, the first factor weighs in favor of dismissal. The second factor also favors dismissal because, although the Court has attempted to place plaintiff on notice, its means of doing so is limited because plaintiff has not kept his address current although the Court's notices have been posted on the Court's Electronic Case Filing System. The third factor also weighs in favor of dismissal because when a plaintiff has unreasonably delayed, prejudice to the defendants may be presumed. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Since plaintiff has shown no interest in moving this case forward, the Court's need to reduce docket congestion outweighs the plaintiff's right to be heard in this case. *See, e.g., Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013). Indeed, the "efficient administration of judicial affairs -- a consideration vital to the Court's ability to provide meaningful access to other litigants -- depends on the Court's overseeing its docket and guaranteeing that its cases progress with appropriate speed." *Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc.*, 99-CV-9311, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000). Thus, this factor, too, weighs in favor of dismissal under Rule 41(b) of the Federal Rules of Civil Procedure.

Finally, lesser sanctions are not appropriate under the circumstances. Although "[a] district judge should employ [Rule 41(b) dismissal] only when he is sure of the impotence of lesser sanctions," *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980), plaintiff has left the Court little choice other than to dismiss his complaint pursuant to Federal Rule of Civil Procedure 41(b). However, given plaintiff's *pro se* status, together with the fact that the Court's communications have been returned, the Court finds that dismissal without prejudice is appropriate here. Accordingly, the complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of the Court is directed to enter judgment and mark this case closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court shall post this Order on the Court's Electronic Case Filing System. Although it may be futile, the Clerk of the Court is also directed to mail a copy of this Order to the *pro se* plaintiff at his last known address.

**SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2020 WL 3489495

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

Case 3:23-cv-00671-AMN-ML   Document 22   Filed 09/27/24   Page 26 of 29

Antonios A. Alevizopoulos and Associates, Inc. v. Comcast..., Not Reported in...

2000 WL 1677984

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

ANTONIOS A. ALEVIZOPOULOS

AND ASSOCIATES, INC. and Peter

Amoruso and Associates, Inc., Plaintiffs,

v.

COMCAST INTERNATIONAL HOLDINGS,

INC., Comcast Corporation, Guilherme DeSouza

Villares and Elaine Marie Cortez Gonin, Defendants.

No. 99 Civ. 9311 SAS.

|

Nov. 8, 2000.

**Attorneys and Law Firms**

Allan A. Joseph, Hall, David and Joseph, P.A., Miami, Florida, for Plaintiffs.

James L. Kerr, Gregory G. Ballard, D. Scott Wise, Davis Polk & Wardwell, New York, New York, for Defendants Comcast International Holdings, Inc. and Comcast Corporation.

*OPINION AND ORDER*

SCHEINDLIN, J.

 **\*1** Antonios A. Alevizopoulos and Associates, Inc. ("Alevizopoulos") and Peter Amoruso and Associates, Inc. ("Amoruso") have sued Comcast International Holdings, Inc. and Comcast Corporation (collectively "Comcast") alleging tortious interference with contract and conspiracy to breach fiduciary duty. Alevizopoulos and Comcast have settled their dispute and Alevizopoulos' claims against Comcast have been dismissed with prejudice. *See* 10/27/00 Stipulation of Dismissal with Prejudice. Comcast now moves to dismiss Amoruso's claims pursuant to Federal Rules of Civil Procedure 41(b), 16(f), 37(b)(2), and 37(d). For the following reasons, Amoruso's Complaint against all defendants is dismissed.

I. Background

The background of this case is largely set forth in *Antonios A. Alevizopoulos and Assocs., Inc. v. Comcast Int'l Holdings,*

*Inc.,* 100 F.Supp.2d 178, 180-82 (S.D.N.Y.2000). Only the facts relevant to this motion will be reviewed.

This action was removed from New York State Supreme Court on August 30, 1999. In a Scheduling Order dated March 22, 2000, the Court ordered that depositions be concluded by July 7, 2000, and that discovery be completed by October 2, 2000. *See* 9/27/00 Affidavit of Gregory G. Ballard, counsel for Comcast, in Support of Dismissal ("Ballard Aff.") ¶ 2; 3/22/00 Scheduling Order, Ex. A to Ballard Aff., at 1-2. On June 6, 2000, Comcast noticed the deposition of Peter Amoruso for June 21, 2000. *See* Ballard Aff. ¶ 3. Plaintiffs neither objected to this date nor moved for a protective order. *See id.* ¶ 4. Mr. Amoruso never appeared for the deposition. *See id.* ¶ 5.

During a status conference held on September 12, 2000, Comcast raised two significant concerns: (1) whether Amoruso exists as a separate entity; and (2) assuming it does not, whether Mr. Amoruso could pursue the action in his individual capacity as this Court might lack jurisdiction over such a claim. *See* 9/12/00 Transcript, Ex. B to Ballard Aff., at 5-7. To resolve these concerns, the Court ordered Mr. Amoruso to submit an affidavit regarding his residency and citizenship by September 18, 2000. *See* 9/14/00 Scheduling Order, Ex. C to Ballard Aff., ¶ 1. Mr. Amoruso never submitted the requested affidavit. *See* Ballard Aff. ¶ 8.

During the September 12, 2000 status conference, the Court was informed that neither Mr. Alevizopoulos nor Mr. Amoruso were deposed by the July 7, 2000 deadline. The Court extended the deadline to September 29, 2000, but warned plaintiffs that a motion to dismiss for failure to prosecute would be entertained if Mr. Amoruso failed to comply with the Court's deposition deadline. *See* 9/12/00 Transcript, Ex. B to Ballard Aff., at 10. Mr. Amoruso did not appear for deposition by the September 29, 2000 deadline. *See* Ballard Aff. ¶ 9.

Amoruso's lawyer has advised the Court that Mr. Amoruso has ignored repeated requests to comply with the Court's orders regarding the requested affidavit and his deposition. *See* Ballard Aff. ¶ 10; 9/20/00 Letter from Plaintiffs' Attorney Allan A. Joseph ("Joseph Letter") at 1 ("Mr. Amoruso has not responded to any correspondence nor has he made any effort to return calls to our office."). As a result, plaintiffs' counsel requested permission to withdraw from representing Amoruso. *See* Joseph Letter at 2. During a telephone conference on September 25, 2000, plaintiffs'

Case 3:23-cv-00671-AMN-ML   Document 22   Filed 09/27/24   Page 27 of 29

Antonios A. Alevizopoulos and Associates, Inc. v. Comcast..., Not Reported in...

counsel reported that the last response received from Mr. Amoruso was that he was "too busy" to talk to his attorney and that he would get back to his attorney "at his convenience." Ballard Aff. ¶ 11.

**\*2** On September 27, 2000, Comcast filed this Motion to Dismiss and served it on plaintiffs. Amoruso had until October 12, 2000 to submit its opposition papers. Neither the Court nor Comcast has received any opposition papers or a request for an extension. [1]

## II. Discussion

### A. Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action when a plaintiff fails "to prosecute or to comply with ... any order of the court." Although "dismissal is a harsh remedy and is appropriate only in extreme situations," *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996), a district court's order of dismissal will be reviewed only for abuse of discretion. *See Shannon v. General Elec. Co.,* 186 F.3d 186, 193 (2d Cir.1999).

The Second Circuit has set forth five factors to be considered in evaluating a Rule 41(b) motion: (1) the duration of the plaintiff's failure to prosecute; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district court judge has taken care to strike a balance between alleviating court calendar congestion and protecting plaintiff's rights to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *See id.* at 193-94; *Jackson v. City of New York,* 22 F.3d 71, 74 (2d Cir.1994).

### 1. Duration of Plaintiff's Failure to Prosecute
Plaintiff has failed to prosecute this case for nearly four months. Successful motions for failure to prosecute usually consist of longer delays. *See, e.g., Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664 (2d Cir.1980) (affirming dismissal under Rule 41(b) where plaintiff failed to prosecute for six months); *Peters-Turnbull v. Board of Educ. of the City of New York,* No. 96 Civ. 4914, 1999 WL 959375, at \*2- \*3 (S.D.N.Y. Oct. 20, 1999) (stating that delay of between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss"). However, there is no "magic number." *Copeland v. Rosen,* 194 F.R.D. 127, 132 (S.D.N.Y.2000). In extreme circumstances, a district

court may dismiss a complaint for relatively short delays. *See Lucas,* 84 F.3d at 535 (stating that it is possible that a delay of thirty-nine days could be considered significant); *Maiorani v. Kawasaki Kisen K.K., Kobe,* 425 F.2d 1162, 1163 (2d Cir.1970) (affirming Rule 41(b) dismissal where plaintiff sought two-day adjournment on day of trial).

This case presents extreme circumstances warranting dismissal. Amoruso has prosecuted this case with extreme indolence. Mr. Amoruso has failed to comply with two separate, court-ordered deposition deadlines. He has failed to provide an affidavit necessary to determine whether this Court has jurisdiction over Mr. Amoruso in his individual capacity. He has even failed to respond to this motion. Mr. Amoruso has never provided any reasonable explanation for his complete inaction and willful disregard of this Court's orders. To excuse Mr. Amoruso's delay here would be to ignore the fact that "when delays are 'multiplied over and over for one reason or another in one case after another, as [they] surely [are] and would be once the bar realizes that deadlines mean nothing, the net result is the build-up of a paralyzing backlog of pending cases.' " *Peart v. City of New York,* 992 F.2d 458, 462 (2d Cir.1993) (alterations in original) (quoting *Harding v. Federal Reserve Bank of New York,* 707 F.2d 46, 52 (2d Cir.1983) (MacMahon, J., concurring)).

### 2. Notice That Further Delays Would Result in Dismissal
**\*3** On three occasions, Mr. Amoruso was put on notice that further delays would warrant dismissal of Amoruso's Complaint. *First,* at the September 12, 2000 status conference, the Court notified Mr. Amoruso, through his attorneys, that failure to comply with the Court's second deposition deadline would result in dismissal for failure to prosecute. *Second,* on October 19, 2000, the Court attempted to reach Mr. Amoruso by telephone but he did not return the Court's telephone call. *Third,* "[t]his motion to dismiss for failure to prosecute also provided plaintiff with notice that any further delay would result in the dismissal of [its] case." *Smith v. Human Resources Admin. of New York City,* No. 91 Civ. 2295, 2000 WL 307367, at \*2 (S.D.N.Y. Mar. 24, 2000). Although "no one [Rule 41(b) ] factor is dispositive," *Shannon,* 186 F.3d at 194, inexcusable disregard for a judge's warning justifies dismissal, even when the delay is brief. *See Lucas,* 84 F.3d at 535 ("Indeed, had [plaintiff] received ... a warning [that failure to comply would result in dismissal], it is difficult to imagine how dismissal for unexplained non-compliance [of thirty-nine days] could be an abuse of discretion.").

Case 3:23-cv-00671-AMN-ML    Document 22    Filed 09/27/24    Page 28 of 29

Antonios A. Alevizopoulos and Associates, Inc. v. Comcast..., Not Reported in...

### 3. Prejudice to Defendants

"Prejudice to defendants resulting from an unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell Theater Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982) (internal citations omitted). Here, the prejudice caused by Mr. Amoruso's inaction is significant. Comcast has been unable to depose Mr. Amoruso and does not know whether Amoruso or Mr. Amoruso, suing in his individual capacity, can properly bring suit in federal court. Lacking such information makes it difficult, if not impossible, to defend the lawsuit. Defendants should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit.

### 4. Balancing Court's Congestion With Plaintiff's Due Process

Dismissing Amoruso's claims against Comcast does not result in a violation of due process. Mr. Amoruso has had ample opportunity to prosecute this case and to be heard. Mr. Amoruso could have been heard on this motion but has squandered that opportunity by failing to submit opposition papers. The efficient administration of judicial affairs-a consideration vital to the Court's ability to provide meaningful access to other litigants-depends on the Court's overseeing its docket and guaranteeing that its cases progress with appropriate speed. *See Lyell Theater Corp.,* 682 F.2d at 42; *Chira,* 634 F.2d at 668 ("Burgeoning filings and crowded calendars have shorn courts of the luxury of tolerating procrastination."). Furthermore, this case does not present the situation in which the Court is "impos[ing] a penalty upon the client for [its] attorney's misconduct." *See Peart,* 992 F.2d at 462. Rather, it is the client's misconduct that has precipitated this dismissal. [2]

### 5. Consideration of Lesser Sanctions

**\*4** Lesser sanctions are not appropriate in this case. Although the Court is mindful of the Second Circuit's caution that "a district judge should employ ... [Rule 41(b) dismissal] only when [she] is sure of the impotence of lesser sanctions," *Chira,* 634 F.2d at 665, Mr. Amoruso has proven repeatedly that no lesser sanction would change his behavior and inspire him to prosecute this case diligently. Mr. Amoruso has repeatedly failed to abide by the Court's orders, even when the Court has granted him extensions and second chances. "A court need not beg a party to comply with its orders." *Peters-Turnbull,* 1999 WL 959375, at *3. Mr. Amoruso's failure to respond to this motion demonstrates that he has lost interest in this case.

Having considered each of the relevant factors, there is no doubt that dismissal of Amoruso's claims against Comcast is appropriate.

### C. Rules 16(f), 37(b)(2), and 37(d)

Comcast also moves to dismiss Amoruso's claims pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2), and 37(d), which authorize the imposition of sanctions-including dismissal-for a party's failure to comply with a scheduling order, to obey an order of discovery, or to appear at a deposition. Because the Court is dismissing the claims of Amoruso pursuant to Rule 41(b), it is unnecessary to address Comcast's other grounds for dismissal. Nonetheless, there is little doubt that these alternative grounds warrant dismissal for the very same reasons discussed above.

### III. Conclusion

For the foregoing reasons, Comcast's motion to dismiss is granted with prejudice.

**All Citations**

Not Reported in F.Supp.2d, 2000 WL 1677984

---

## Footnotes

1    On October 19, 2000, the Court left a message on Mr. Amoruso's voicemail requesting that he telephone Chambers to discuss the prosecution of his case. Mr. Amoruso did not respond to the Court's phone call.

Case 3:23-cv-00671-AMN-ML     Document 22     Filed 09/27/24     Page 29 of 29

Antonios A. Alevizopoulos and Associates, Inc. v. Comcast..., Not Reported in...

2      The fact that Alevizopoulos is represented by the same attorneys as Amoruso, and that Alevizopoulos complied with the Court's orders and even settled its case with Comcast, makes it plain that blame for this delay lies with Amoruso, not its attorneys.

---

**End of Document**                                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.