**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SARA-JUDITH: YARBROUGH,
*Beneficiary*,

                Plaintiff,

    v.                                              3:23-CV-0671 (AMN/ML)

BROOME CNTY., NEW YORK, *Municipal Corp.*, *et al.*,

                Defendants.

---

**APPEARANCES:**

**SARA-JUDITH: YARBROUGH**
c/o 52 Alexander Road
Chenango Forks, New York 13746
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.    INTRODUCTION**

On June 6, 2023, Plaintiff *pro se* Sara-Judith: Yarbrough commenced this action against Broome County, New York; Town of Barker, New York; Jason T. Garner; Michael T. Decker; Robert G. Behnke; Joseph A. Mihalko; Joseph F. Cawley; Edward Beecher; Frederick J. Akshar; Daniel J. Reynolds; Mark R. Whalen; Stephen J. Flagg; Scott D. Baker; Kelly F. Wildoner; Kim A. Myers; Greg W. Bladwin; Matthew J. Pasquale; Jason E. Shaw; Louis P. Augostini; Robert Weslar; Mary A. Kaminsky; Mel Manasse & Son; Robert Voorhis; Judy Osborn; Matthew J. Hilerbrant; Erin V. Micha; and Susan Ryan (collectively, "Defendants") pertaining to allegations that Plaintiff's private property was unlawfully sold or conveyed.  *See* Dkt. No. 1 ("Complaint").

Plaintiff also filed motions for temporary restraining orders and preliminary injunctions, which were denied based on Plaintiff's failure to comport with this Court's Local Rules. *See* Dkt. Nos. 1, 5, 7, & 9.

This matter was referred to United States Magistrate Judge Miroslav Lovric, who, on September 27, 2024, recommended that the Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve Defendants or, in the alternative, pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or comply with the Court's orders. *See* Dkt. No. 22 at 10 ("Report-Recommendation").[1] Magistrate Judge Lovric advised that pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 11. Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.     STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III.   DISCUSSION**

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Lovric first recommended that the action be dismissed based on Plaintiff's failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure because she did not file proof of service indicating that any of the numerous defendants were ever served. *See* Report-Recommendation at 7. On August 1, 2024, and September 3, 2024, Magistrate Judge Lovric issued two orders to show cause, directing Plaintiff to establish why the matter should not be dismissed for failure to comply with Rule 4(m). *See* Dkt. Nos. 19, 20. Plaintiff did not respond to either order to show cause and no proof of service has been filed since Plaintiff commenced this action in June 2023. *See generally* Docket Sheet.

Next, Magistrate Judge Lovric recommended that the action be dismissed based on Plaintiff's failure to prosecute and comply with the Court's orders. *See* Report-Recommendation at 8 (citing Fed. R. Civ. P. 41). In doing so, Magistrate Judge Lovric noted that Plaintiff has not taken any action to prosecute this case for over a year since the undersigned denied Plaintiff's second motion for a temporary restraining order and preliminary injunction. *Id.* at 9 (citing Dkt. Nos. 7, 8). Additionally, Magistrate Judge Lovric issued nine separate Text Orders on various dates ranging from September 19, 2023, through May 31, 2024, all of which advised Plaintiff that her continued failure to participate in this action may result in dismissal. *See* Dkt. Nos. 10, 11, 12, 13, 14, 15, 16, 17, 18. Despite these numerous Text Orders, Plaintiff has failed to act in any manner to litigate this case. *See generally* Docket Sheet.

The Court agrees with Magistrate Judge Lovric's recommendations for the reasons set forth in the Report-Recommendation.

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 22, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint be **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[2]

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.

**IT IS SO ORDERED.**

Dated: December 17, 2024
       Albany, New York

Anne M. Nardacci
U.S. District Judge